UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERNEST G. BENNETT, Plaintiff, | ) | |
| vs. | ) | 1:09-cv-1111- SEB-JMS |
| ROBERT L. HERRINGSHAW, Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**
(Docket No. 9)

The Court, having considered Defendant's Motion to Dismiss or in the Alternative Transfer Venue, Plaintiff's response thereto, and Defendant's reply, now finds that the law is with Defendant and that this action should be transferred to the Northern District of Ohio, Western Division.

Title 28 U.S.C. § 1391(a)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." (Emphasis added.) Plaintiff's "claim," as set forth in the Complaint, is that Defendant negligently operated a motor vehicle in Catawba Island, Ohio. The fact that Plaintiff may have received medical treatment in Indianapolis, Indiana and seeks money damages for medical expenses incurred in this District is irrelevant for this purpose. It is the location of Defendant's alleged negligence, not the place where Plaintiff received medical treatment that determines venue. Wisland v. Admiral Beverage Corp., 119 F.3d 733, 736 (8th Cir. 1997) (holding that the location of the defendants' alleged negligence was the proper venue, not the location of the plaintiff's medical treatment); Smith v. Fortenberry, 903 F. Supp. 1018, 1019 (E.D. La. 1995) (holding that venue was improper in the state where

medical treatment took place when the motor vehicle accident occurred in a different state); Ukai v. Fleurvil, 2006 WL 3246615, at *2 (D. Hawaii, November 7, 2006) (finding that venue in Hawaii where the plaintiff received medical care was improper when the plaintiff's injury was sustained in New York); Whiteman v. Grand Wailea Resort, 1999 WL 163044, at *2 (N.D. Cal., March 17, 1999) (deciding that plaintiff's medical care in the Northern District of California was insufficient to create venue there for an injury occurring in Hawaii). Plaintiff has cited no case law to the contrary.

IT IS THEREFORE ORDERED that this cause be transferred to the United States District Court for the Northern District of Ohio, Western Division.

Date: 04/08/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Richard L. Brown Jr.
BROWN TOMPKINS LORY & MASTRIAN
rbrown@btlmlaw.com

Christopher D. Wyant
BROWN TOMPKINS LORY & MASTRIAN
cwyant@btlmlaw.com

Richard A. Rocap
ROCAP WITCHGER, LLP
rar@rocap-witchger.com

Scott Lee Timberman
ROCAP WITCHGER LLP
slt@rocap-witchger.com